**Albert N. Kennedy**, OSB No. 821429 (Lead Attorney)
　　Direct Dial:　(503) 802-2013
　　Facsimile:　　(503) 972-3713
　　E-Mail:　　　al.kennedy@tonkon.com
**Michael W. Fletcher**, OSB No. 010448
　　Direct Dial:　(503) 802-2169
　　Facsimile:　　(503) 972-3869
　　E-Mail:　　　michael.fletcher@tonkon.com
**TONKON TORP** LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

　　Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Western Communications, Inc.,<br><br>　　　　　Debtor. | Case No. 11-37319-elp11<br><br>**DEBTOR'S MOTION TO EMPLOY GROVE, MUELLER & SWANK, P.C. AS ACCOUNTANTS FOR DEBTOR** |

　　　　Western Communications, Inc., Debtor and Debtor-in-Possession herein ("Debtor"), hereby applies to the Court for an order approving the employment of Grove, Mueller & Swank, P.C. ("GM&S") as accountants for Debtor.  Debtor makes this motion pursuant to 11 U.S.C. § 327(a), and Federal Rule of Bankruptcy Procedure 2014, and respectfully represents as follows.

　　　　1.　　On August 23, 2011 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

　　　　2.　　Debtor has continued in possession of its property and is continuing to operate and manage its business as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested or appointed in Debtor's case.

3. Debtor has provided notice of this motion to its secured creditors, the 20 largest unsecured creditors, and the Office of the United States Trustee. No unsecured creditors' committee has yet been appointed in this case. Because of the nature of the relief requested, Debtor respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

4. Debtor desires to retain and employ GM&S as accountants in this Chapter 11 case, pursuant to Section 327(a) of the Code, to provide general accounting services (including tax preparation services and auditing services) to Debtor during the Chapter 11 case consistent with the services provided to Debtor prior to the filing of Debtor's Chapter 11 petition.

5. GM&S served as Debtor's accountants prepetition, and Debtor desires GM&S to continue to serve as Debtor's accountants postpetition. The services to be performed by GM&S are necessary and are in the best interest of Debtor and its estate.

6. Subject to Court approval, Debtor has agreed to compensate GM&S on an hourly basis in accordance with GM&S's ordinary and customary hourly rates in effect on the date services are rendered.

7. GM&S will maintain detailed, contemporaneous time records of expenses incurred with the rendering of accounting services described above by category and nature of services rendered.

8. Within the 12-month period preceding the Petition, GM&S provided accounting services to Debtor. The total cost of accounting services prior to the filing of the Petition, and payments for those services, are disclosed on the attached Rule 2014 Verified Statement for Proposed Professional.

9. Prepetition, GM&S received a $5,000 retainer from Debtor. Prior to the filing of the bankruptcy petition, GM&S applied a portion of that retainer for prepetition

\* \* \*

**Page 2 of 3** - DEBTOR'S MOTION TO EMPLOY GROVE, MUELLER & SWANK, P.C. AS ACCOUNTANTS FOR DEBTOR

Case 11-37319-elp11    Doc 16    Filed 08/24/11

services rendered prior to the Petition Date as disclosed on the attached Rule 2014 Verified Statement for Proposed Professional. The remaining balance is held as a retainer.

10. Debtor agrees and understands that GM&S has reserved the right to withdraw as accountants to Debtor, and Debtor hereby consents to such a withdrawal, in the event it becomes apparent GM&S will not be paid for its services.

11. To the best of Debtor's knowledge, the partners and associates of GM&S do not have any connection with Debtor, its creditors, any other party in interest, or their respective attorneys or accountants, except as stated in the Rule 2014 Verified Statement for Proposed Professional.

12. A proposed Order Authorizing Employment of GM&S as Accountants for Debtor is attached as Exhibit 1.

For the reasons stated in this motion, Debtor requests that the Court enter an order authorizing it to employ GM&S as of the Petition Date as accountants for Debtor, to render the accounting services described above, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court after notice and hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court order.

DATED this 24th day of August, 2011.

TONKON TORP LLP


By */s/ Albert N. Kennedy*
   Albert N. Kennedy, OSB No. 821429
   Michael W. Fletcher, OSB No. 010448
   Attorneys for Debtor

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Western Communications, Inc.,<br><br>     Debtor. | Case No. 11-37319-elp11<br><br>**ORDER AUTHORIZING EMPLOYMENT OF GROVE, MUELLER & SWANK, P.C. AS ACCOUNTANTS FOR DEBTOR** |

   THIS MATTER having come before the Court for a hearing on the motion of Western Communications, Inc., Debtor and Debtor-in-Possession ("Debtor"), for an order to Employ Grove, Mueller & Swank, P.C. as accountants for Debtor; the Court having reviewed the motion and accompanying statement, and being otherwise duly advised; now, therefore,

   IT IS HEREBY ORDERED that the motion is approved and Debtor be and hereby is authorized to employ the accounting firm of Grove, Mueller & Swank, P.C. as of the Petition Date, and is further authorized to pay said accountants a reasonable fee for their services upon application and order of the Court.

# # #

**Page 1 of 2** - ORDER AUTHORIZING EMPLOYMENT OF GROVE, MUELLER & SWANK, P.C.
     AS ACCOUNTANTS FOR DEBTOR

**Tonkon Torp** LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204
503-221-1440

Presented by:

TONKON TORP LLP

By _____
    Albert N. Kennedy, OSB No. 821429
    Michael W. Fletcher, OSB No. 010448
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR  97204-2099
    Telephone:    503-221-1440
    Facsimile:    503-274-8779
    E-mail:       al.kennedy@tonkon.com
                  michael.fletcher@tonkon.com
    Attorneys for Debtor

cc:    List of Interested Parties

**Page 2 of 2** -  ORDER AUTHORIZING EMPLOYMENT OF GROVE, MUELLER & SWANK, P.C.
            AS ACCOUNTANTS FOR DEBTOR

# LIST OF INTERESTED PARTIES

### *In re Western Communications, Inc.*
### U.S. Bankruptcy Court Case No. 11-37319-elp11

## ECF PARTICIPANTS:

- US Trustee, Portland USTPRegion18.PL.ECF@usdoj.gov

## NON-ECF PARTICIPANTS:

**SECURED CREDITOR**

Bank of America
c/o Thomas Brown, Senior VP
WA1-501-13-24
800 5th Ave., 13th Fl.
Seattle, WA 98104

**TOP 20 UNSECURED CREDITORS**

Page Cooperative, Inc.
c/o John Snyder
700 American Ave., #101
King of Prussia, PA 19406

City of Bend – Finance
c/o Sonia Andrews
POB 431
Bend, OR 97709

Bendtel, Inc.
POB 356
Bend, OR 97709

PDI Plastics, Inc.
5037 Pine Creek Dr.
Westerville, OH 43081

Schermerhorn Bros. Co.
POB 668
Lombard, IL 60148-0668

Cascade Natural Gas Corp.
POB 7608
Boise, ID 83707-9928

Traneoregon, Inc.
POB 23579
Portland, OR 97281

Publishing Group of America, Inc.
341 Cool Springs Blvd., #400
Franklin, TN 37067

Band-It Rubber Co.
1711 Delilah St.
Corona, CA 92879-1865

Global Electronic Services, Inc.
5325 Palmero Ct.
Buford, GA 30518

Lubcon Turmo Lubrication, Inc.
5460 33rd St., SE
Grand Rapids, MI 49512

ITD Print Solutions
POB 6205
Carson, CA 90749

Stanley Convergent Security
55 Shuman Blvd., #900
Naperville, IL 60563

Airfilco, Inc.
415 N Tillamook St.
Portland, OR 97227-1823

Databar, Inc.
2908 Meridian E #201
Edgewood, WA 98371-2111

All Press Parts & Equipment, Inc.
612 Shorehaven Lane
Oshkosh, WI 54904

Digital Technology International
1180 N Mountain Springs Pkwy
Springville, UT 84663

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                      )
                                           )  Case No. _____
                                           )
                                           )  RULE 2014 VERIFIED STATEMENT
Debtor(s)                                  )  FOR PROPOSED PROFESSIONAL

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

2. The applicant is not an equity security holder of the debtor.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

1114 (11/30/09)    Page 3 of 3

15. Audit of financial statements of Western Communications and Subsidiary for the year ended December 31, 2010
    Invoice 59603    $10,000 (Received 2/14/2011)
    Invoice 60621     9,000 (Received 5/9/2011)
    Invoice 61789     3,000 (Received 6/13/2011)

    Audit of financial statements of Western Communications 401(k) Plan – year ended December 31, 2009
    Invoice 58858    $4,000 (Received 11/1/2010)

    Audit of financial statements of Western Communications 401(k) Plan – year ended December 31, 2010
    Invoice 62272    $5,000 (Received 8/22/2011)
    Retainer          5,000 (Received 8/22/2011)

    Preparation of tax filings for Western Communications and Subsidiary – year ended December 31, 2009
    Invoice 58647    $500 (Received 11/15/2010)

    Preparation of tax filings for Western Communications and Subsidiary – year ended December 31, 2010
    Invoice 60621    $3,000 (Received 5/9/2011)

    Agreed Upon Procedures Report related to Oregon Business Energy Tax Credit
    Invoice 59368    $1,000 (Received 2/14/2011)

$5,000 retainer received on August 22, 2011. On August 23, 2011, prior to the filing of the petition, applicant applied $1,513.37 of the retainer against current work-in-progress, leaving a retainer balance of $3,486.63.